UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAIQUAN K. FALLS,<br><br>       Petitioner,<br><br>  -against-<br><br>PAUL ARTETA,<br><br>       Respondent. | 23-CV-830 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Petitioner is currently detained in the Orange County Jail. By order dated February 3, 2023, the Court directed Petitioner, within thirty days, to submit a completed request to proceed *in forma pauperis* ("IFP application") or pay the $5.00 fee required to file a *habeas corpus* petition in this court. An IFP application was attached to that order.

  In a letter received on February 16, 2023, Petitioner states that the law library does not have prisoner authorization forms, and is also lacking various state court forms. Petitioner further states that he "signed off on the poor person application" giving the court "authorization to deduct" funds from his Inmate Account. (ECF 3.)

  Petitioner is alerted that a prisoner authorization is not required in this case, because prisoners seeking *habeas corpus* relief are "not subject to the special fee requirements of the [Prison Litigation Reform Act]." *Jones v. Smith*, 720 F.3d 142, 145 (2d Cir. 2013). Although Petitioner states that he submitted a "poor person application," the Court has not received an IFP application from him.

  The Court grants Petitioner an extension of time to comply with the February 3, 2023, order. Within thirty days of the date of this order, Petitioner must either pay the $5.00 filing fee or complete and submit the attached IFP application. If Petitioner submits the IFP application, it

should be labeled with docket number 23-CV-830 (LTS). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:
    New York, New York

       /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
    Chief United States District Judge