UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAIQUAN K. FALLS,

                              Petitioner,

                  -against-

PAUL ARTETA,

                              Respondent.

23-CV-830 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

 Petitioner, who is currently incarcerated at Orange County Jail, brings this *pro se* petition

for a writ of *habeas corpus*, brought under New York Civil Practice Law & Rules § 7002,

challenging his current detention. By order dated March 2, 2023, the Court granted Petitioner's

request to proceed *in forma pauperis* (IFP). The Court directs Petitioner to file an amended

petition within 60 days of the date of this order as detailed below.

## STANDARD OF REVIEW

 The Court may entertain a petition for a writ of *habeas corpus* from a person in custody

challenging the legality of his detention on the ground that "[h]e is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the

authority to review the petition and "award the writ or issue an order directing the respondent to

show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is

obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest

arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78,

83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant

rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this *habeas corpus* petition, which is captioned for the New York State Supreme Court, Appellate Division, Second Department, asserting that he is being held "illegally, without consent or probable cause," and seeking to be released from custody. (ECF 1 ¶ 1.) The following facts are drawn from the petition.

Throughout 2021 and 2022, Petitioner was arrested a number of times, and he was arraigned in the City of Newburgh Court in connection with those arrests.[1] (ECF 1 ¶ 6.) Petitioner was "released on his own recognizance on many different instances after his initial release from jail," but he was repeatedly rearrested and detained. (*Id.*) For a number of reasons, Petitioner's criminal proceedings were adjourned and stayed multiple times, and Petitioner objected to the delays in his proceedings on speedy trial grounds. In particular, Petitioner objected to requests by his attorneys that his fitness to proceed be examined under N.Y. Criminal Procedure Law § 730. (*Id.*)

On October 22, 2022, Petitioner was again released on his own recognizance, and a trial date was set, apparently for November 14, 2022. Petitioner "was advised that his failure to

---

[1] Petitioner previously challenged his custody during 2021 and 2022, in a filing that the Court construed as a petition under Section 2241. *See Falls v. Annucci*, ECF 1:22-CV-8055, 6 (S.D.N.Y. Nov. 4, 2022) (*"Falls I"*) (detailing Petitioner's allegations of unlawful custody, alerting Petitioner that the court would construe his submission as a petition under Section 2241 if he did not withdraw it, and granting him leave to file an amended petition to allege exhaustion of state court remedies). Petitioner did not submit an amended petition, and the Court dismissed *Falls I* without prejudice. ECF 1:22-CV-8055, 7 (S.D.N.Y. Jan. 19, 2023). Petitioner alleges in this petition that he was released while *Falls I* was pending, suggesting that that is why he did not file an amended petition. (ECF 1 ¶ 2); *see also Falls v. Annucci*, ECF 1:22-CV-8743, 5 (S.D.N.Y. Oct. 18, 2023) (dismissing petition without prejudice as duplicative of *Falls I*.)

appear for any later scheduled court date would result in a bench warrant for arrest," but he was not specifically advised that he would "face [a] criminal penalty of bail jumping charges as a result of such failure to appear." (*Id.* ¶ 8.) Petitioner failed to appear on November 14, 2022, but he called the court and told an employee in the clerk's office about "his possible anticipated absence." (*Id.*) The clerk's office employee informed Petitioner that a "later 'required date' scheduled in adjournment was set for [his] appearance on December 12, 2022." (*Id.*) When Petitioner failed to appear on December 12, 2022, Judge Jude T. Martini issued a bench warrant for his arrest. (*Id.*)

On December 19, 2022, Petitioner appeared in the Newburgh City Court for a "separate scheduled court date," apparently in connection with other cases. Petitioner told his Legal Aid attorneys that he was "availab[le] to comply with any mandated court orders," and he also told them that he was having "adjustment stability issues with respect to steady income, housing, phone service, and transportation." (*Id.*) Petitioner was permitted to leave court that day without being apprehended or detained. On December 28, 2022, however, Petitioner was arrested on a bench warrant for bail jumping in the third degree, in connection with his failure to appear in court on December 12, 2022, and he was remanded into custody. At his arraignment on January 6, 2023, Petitioner objected to the arrest, and he entered a not guilty plea. (*Id.*)

In this petition, Petitioner alleges that he cannot be prosecuted for bail jumping because he was "involuntarily arrested before the expiration of the 30-day grace period following the alleged failure to appear on the 'required date' set by the court." (*Id.*) Citing to New York Penal Law § 215.55, Petitioner asserts that the "issuance of a warrant letter constitutes a consent to adjournment of the 'required date' of appearance within the meaning of" the statute, and "provides a criminal defendant a 30-day grace period in which to voluntarily appear and

precludes [Petitioner's] involuntary return or arrest, prior to the running of such 30 days." (*Id.*)

Petitioner further alleges that he was not provided with a copy of the "accusatory instrument."

(*Id.*) According to the petition, "no appeal has been taken" in connection with his current

detention on the bail jumping charge. (*Id.* ¶ 7.)

## DISCUSSION

### A.   Pretrial *habeas corpus* relief

To the extent that Plaintiff seeks release from state pretrial detention, the appropriate

vehicle for such relief is a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2241.

*See, e.g.*, *Clemente v. Conn.*, No. 3:21-CV-0408, 2022 WL 527757, at *1 (D. Conn. Jan. 27,

2022); *Fullwellen v. City of New York*, No. 21-CV-7219, 2021 WL 4940984, at *1 (S.D.N.Y.

Sept. 14, 2021); *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May

29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other

grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at

*5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83

(2d Cir. 2012) (summary order).

Although Petitioner filed this matter as a state petition under Section 7002, and captioned

it for the state court, the Court concludes that the application should be construed as a petition

brought under Section 2241.[2] If Petitioner does not want to pursue relief under Section 2241, he

may notify the Court in writing within 30 days that he wishes to withdraw the application. *See

Simon v. United States*, 359 F3d 139, 140 (2d Cir. 2004) (holding that district courts must

provide notice and opportunity to withdraw before recharacterizing a motion as brought under

---

[2] As previously noted, the petition filed in *Falls I* was also brought under Section 7002, and the order to amend issued in *Falls I* alerted Petitioner that his submission would be construed as a petition under Section 2241 if he did not withdraw it. ECF 1:22-CV-8055, 6.

Section 2241). If Petitioner does not inform the Court of his intent within 30 days, the application will be designated as a petition under Section 2241.[3]

## B.    Exhaustion of State Court Remedies

Before seeking Section 2241 *habeas corpus* relief in the federal courts, a petitioner first must exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). Here, Petitioner states that he has not filed any appeals in this matter, suggesting that he has not exhausted his state court remedies. (ECF 1 ¶ 7.) Petitioner may be in the process of exhausting his claims in the state courts, as the petition in this matter is captioned for the state courts. If Petitioner files an amended Section 2241 petition and alleges facts showing that he is currently challenging his current detention in the state courts, the Court will deny the petition without prejudice as prematurely filed.

## C.    Leave to Amend Petition

Petitioner proceeds in this matter without the benefit of an attorney. As district courts generally grant a self-represented party an opportunity to amend, unless amendment would be futile, *see Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), the Court finds that it would not be futile to grant Petitioner leave to submit an amended petition. Should Petitioner decide to file an amended petition, he must state his grounds for relief and detail the steps he has taken to exhaust his grounds in his ongoing

---

[3] Petitioner may choose not to proceed with this Section 2241 petition because a second Section 2241 petition of this sort might trigger the successive petition restrictions of the Antiterrorism and Effective Death Penalty Act. *See Simon*, 359 F.3d at 143-44.

criminal proceedings. If he is unable to exhaust his grounds in the state courts, he must state facts explaining the reasons why he is unable to do so. Petitioner is advised that an amended petition will completely replace the original petition.

## CONCLUSION

The Court recharacterizes the petition as brought under 28 U.S.C. § 2241. Petitioner shall have 30 days to inform the Court whether he intends to withdraw this petition.

The Court grants Petitioner 60 days to file an amended petition containing the information specified above. The amended petition must be submitted to the Pro Se Intake Unit, be captioned as an "Amended Petition," and bear the same docket number as this order. Once submitted, the amended petition will be reviewed, and if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied without prejudice. An order to answer will not issue at this time. An Amended Petition Under 28 U.S.C. § 2241 form is attached to this order.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 13, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

AO 241
(Rev. 06/13)

Page 1

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.  <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.  <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                          Page 2
(Rev. 06/13)

**AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

The Attorney General of the State of

**AMENDED**

**PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:




        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?     ❑     Yes          ❑     No

5.      Identify all crimes of which you were convicted and sentenced in this case:






6.      (a) What was your plea? (Check one)

                                    ❑     (1)      Not guilty          ❑     (3)      Nolo contendere (no contest)

                                    ❑     (2)      Guilty             ❑     (4)      Insanity plea

AO 241
(Rev. 06/13)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury     ❏ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes     ❏ No

8.  Did you appeal from the judgment of conviction?

❏ Yes     ❏ No

9.  If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❏ Yes     ❏ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ❐   Yes      ❐   No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?      ❐   Yes      ❐   No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐   Yes      ❐   No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes        ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑  Yes      ❑   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:      ❑  Yes        ❑   No

(2)  Second petition:    ❑  Yes        ❑   No

(3)  Third petition:      ❑  Yes        ❑   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.       For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
          laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
          supporting each ground.

          **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
          state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
          forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)       **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?      ❒  Yes      ❒  No

      (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❒   Yes      ❒   No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:

      Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion or petition?              ❒  Yes      ❒  No

      (4) Did you appeal from the denial of your motion or petition?          ❒  Yes      ❒  No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❒  Yes      ❒  No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)　　　**Direct Appeal of Ground Two:**

　　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　　❏ Yes　　❏ No

　　　(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)　　　**Post-Conviction Proceedings:**

　　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　　❏ Yes　　❏ No

　　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　Type of motion or petition:

　　　Name and location of the court where the motion or petition was filed:

　　　Docket or case number (if you know):

　　　Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?        ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes        ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❒ Yes    ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes    ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❒ Yes    ❒ No

(4) Did you appeal from the denial of your motion or petition?    ❒ Yes    ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❒ Yes    ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏   Yes          ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❏   Yes          ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                   ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?                        ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes        ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ❏ Yes   ❏ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?   ❏ Yes   ❏ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?   ❏ Yes   ❏ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

AO 241
(Rev. 06/13)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?            ❏ Yes    ❏ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?            ❏ Yes    ❏ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

AO 241
(Rev. 06/13)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:



or any other relief to which petitioner may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print      Save As...                                    Reset